**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JOHN CHARLES GAUTHIER,            )
                                  )
            Petitioner,            )
                                  )
        v.                        )        No. CIV-05-203-S
                                  )
HASKELL HIGGINS, WARDEN,          )
                                  )
            Respondent.            )

### ORDER

Before the court for its consideration is the Respondent's Haskell Higgins Motion To Deny Petition and Brief in Support.

On May 5, 2005, petitioner filed a petition for Writ of Habeas Corpus. In that petition, petitioner alleges he was transferred from a facility with a Level 4 classification to a facility where he received a Level 1 classification without a due process hearing. He alleges that he was transferred in retaliation for lawsuits which he had filed against prison administrators. Respondent filed a response and a motion to deny the petition alleging that petitioner's due process rights have not been violated. Respondent argues that petitioner has no constitutionally protected right to be placed in a certain facility and had no property right in earned credits that he could have earned as a result of being placed at a certain facility. As a result, petitioner was not entitled to a due process hearing before being transferred to another facility.

1

## Arguments and Authorities

Petitioner is arguing he had a property/liberty interest created by statute and that because of those interests his Level IV status could not be taken away without being provided due process. The law is clear petitioner has no constitutional right to be housed in a certain facility or in a certain unit within a facility. There are no state laws or prison regulations creating either a right or an expectation for a prisoner to remain in a particular prison or classification to which he has been assigned, and no due process hearing is required in conjunction with a transfer to a different facility. Such transfers are within the discretion of the corrections officials. Montanye v. Haymes, 427 U.S. 236, 242 (1976); Meachum v. Fano, 427 U.S. 215 (1976) and Twyman v. Crisp, 584 F.2d 352, 355-356 (10th Cir. 1978). "[T]he Due Process Clause does not protect every change in the conditions of confinement having a substantial adverse impact on the prisoner." Sandin v. Conner, 515 U.S. 472, 478 (1995) (citing Meachum v. Fano, 427 U.S. 215, 224 (1976)). "As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight." Montayne v. Haymes, 427 U.S. 236, 242 (1976). Prison officials must be able to classify and house prisoner as they see fit for institutional security purposes. "Internal security considerations are central to all other corrections goals within the institution." Pell v. Procunier, 417 U.S. 817, 823 (1974). "Prison administrators therefore should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and

2

to maintain institutional security." Bell v. Wolfish, 441 U.S. 520, 547 (1979). Thus, "[I]n the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations, courts should ordinarily defer to their expert judgment in such matters." Pell, 417 U.S. at 827.

In the case at bar, petitioner was transferred because he assisted a guard with some legal work. Prison administrators determined this created a security risk. As a result, they transferred petitioner to another facility because he was a security risk. Petitioner was transferred to Oklahoma State Penitentiary ("OSP"). It is the policy of the OSP that if a prisoner is transferred there because he is a security risk he enters at Level I. The policy states: "Any time inmates transfer laterally or to higher security due to misconduct or reasons of security, the transferring facility will reduce the inmate to Level I effective the date of the misconduct or the date of the transfer if for reasons of security." This explains petitioner's demotion to a Level I classification. There is no evidence respondent's response to this situation was exaggerated.

Petitioner alleges that his transferred was due to retaliation by prison officials for lawsuits he had filed. A petitioner alleging retaliation for his exercise of constitutional rights "must prove that 'but for' the retaliatory motive, the incidents to which he refers, including the disciplinary action, would not have taken place." Smith v. Maschner, 899 F.2d 940, 949-50 (10th Cir. 1990) (quoting McDonald v. Hall, 641 F.2d 16, 18 (1st Cir. 1979)). "[I]t is imperative that plaintiff's pleading be factual and not conclusory. Mere allegations of constitutional retaliation will not suffice;

3

plaintiffs must rather allege specific facts showing retaliation because of the exercise of the prisoner's constitutional rights." Frazier v. Dubois, 922 F.2d 560, 562 n.1 (10th Cir. 1990). Here, the court finds petitioner was subjected to disciplinary action which resulted in a transfer of facilities because he assisted a prison guard with legal paper work. This action could have caused the guard to lose his job and could give petitioner an unfair advantage with this particular guard. Thus, the transfer of petitioner to another facility appears to be justified. As a result, petitioner has failed to establish facts that support his retaliation claim.

Petitioner has also vaguely argued that he is being denied the opportunity to be placed in a facility at a security level where he could earn additional earned credits. He argues that he was denied this opportunity without due process of law. However, a liberty interest in these credits only occurs once the credit is earned. Petitioner has no protected constitutional right in an earned credit until it has been earned. Wolff v. McDonnell, 418 U.S. 539, 557 (1974). Thus, there is not merit to this argument as well.

Accordingly the Respondent's Motion To Deny Petition and Brief in Support is hereby **GRANTED** and all other motions currently pending in this matter are deemed **MOOT**.

**IT IS SO ORDERED** this 18th day of August, 2006.

Frank H. Seay
United States District Judge
Eastern District of Oklahoma

4